Joseph **BONIFACIO**, Plaintiff,

v.

**NORTHEASTERN ACQUISITIONS GROUP, INC.**, Defendant.

Case No. 11–20747–CIV.

United States District Court, S.D. Florida.

July 19, 2011.

Andrew Ira Glenn, Card & Glenn PA, Hollywood, FL, for Plaintiff.

***ORDER DENYING MOTION FOR FINAL DEFAULT JUDGMENT: VACATING CLERK'S ENTRY OF DEFAULT: AND DIRECTING PLAINTIFF TO AMEND COMPLAINT***

PATRICIA A. SEITZ, District Judge.

THIS MATTER came before the Court on Plaintiff's Motion for Final Default Judgment [DE 11]. After reviewing the Complaint, the Motion for Final Default Judgment, the materials submitted with the motion, and the pertinent legal authority, the Court concludes that Plaintiff has not only failed to establish his entitlement to a final default judgment, but fails to

state a claim upon which relief can be granted. Therefore, the Court will deny the motion, vacate the Clerk's entry of default and require Plaintiff to amend his complaint.

## I. BACKGROUND

Plaintiff seeks statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff filed this FDCPA lawsuit[1] on March 5, 2011. [DE 1]. On March 26, 2011, Plaintiff served the Complaint and Summons on a representative of Defendant Northeastern Acquisitions Group, Inc. ("Defendant"). [DE 8–1]. On May 16, 2011, the Clerk of Court entered a Default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) for its failure to appear or otherwise defend the action. [DE 10]. Plaintiff filed the instant Motion for Final Default Judgment on July 11, 2011.

## II. LEGAL STANDARD

■ Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. However, "a defendant's default does not in itself warrant the court entering a default judgment." *See Tyco Fire & Sec. LLC v. Alcocer,* 218 Fed.Appx. 860, 863 (11th Cir.2007). Further, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.... [A] default is not treated

as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975).[2] "[A]llegations that parrot the language" of the statute the defendant allegedly violated, "are not well-pleaded facts; they are simply [plaintiff's] legal conclusions, which a [defendant is] not held to have admitted through default." *See DirecTV, Inc. v. Huynh,* 503 F.3d 847, 856 (9th Cir.2007) (citing *Nishimatsu Constr. Co.,* 515 F.2d at 1206).

## III. FAIR DEBT COLLECTION PRACTICES ACT

■ The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors. *See* 15 U.S.C. § 1692(e); *Owen v. I.C Sys., Inc.,* 629 F.3d 1263, 1270 (11th Cir.2011). In furtherance of that purpose, the FDCPA prohibits, *inter alia,* debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *See id.* § 1692d. A debt collector who "fails to comply with any [FDCPA] provision ... with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee," and up to $1,000.00 in statutory damages. *See id.* § 1692k(a).

## IV. ANALYSIS AND DISCUSSION

■ Plaintiff alleges that in the month of February 2011, a debt collector em-

---

**1.** Plaintiff filed five other FDCPA lawsuits in the Southern District of Florida this year. On March 7, 2011, Plaintiff filed *Bonifacio v. Turning Point Capital Inc.,* 11–20754–CIV–King and *Bonifacio v. Firstsource Fin'l Solutions, LLC,* 11–20756–CIV–Seitz. On March 8, 2011, Plaintiff filed *Bonifacio v. Scott Lowery Law Office, P.C.,* 11–20795–CIV–Cooke and *Bonifacio v. Broward Adjustment Serv., Inc.,* 11–20796–CIV–Graham. Then, on April

22, 2011, Plaintiff filed *Bonifacio v. LTD Fin'l Serv., LP,* 11–21432–CIV–Graham. With the exception of the case before Judge King, Plaintiff settled these other FDCPA lawsuits.

**2.** *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981).

ployed by Defendant, a collection agency, left one (1) telephone message on Plaintiff's answering machine, and failed to disclose in the telephone message that he was a debt collector. [Compl. ¶¶ 14–15, 23]. Plaintiff avers that by failing to disclose in the telephone message that it is a debt collector, Defendant violated 15 U.S.C. §§ 1692d(6) and 1692e(11), and this entitles Plaintiff to $1,000.00 in statutory damages. Section 1692d(6) prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6). Furthermore, section 1692e(11) requires a debt collector "to disclose *in subsequent communications* that the communication is from a debt collector." *Id.* § 1692e(11) (emphasis added).

Here, the "facts" contained within Plaintiff's Complaint[3] and Affidavit of Damages[4] fail to establish that Defendant's activities violated the FDCPA. First, Plaintiff does not state the substance of the voice message. Without specifying the content of the voice mail message, the "well-plead" factual allegations fail to state a violation of section 1692d(6) of the FDCPA. Simply alleging that a debt collector failed to identify himself as a debt collector does not establish that Defendant failed to provide "meaningful disclosure of the caller's identity." Additionally, since Plaintiff alleges that a debt collector employed by Defendant communicated with Plaintiff once, Plaintiff cannot recover under section 1692e(11) of the FDCPA, which only requires a disclosure that the communication is from a debt collector "in subsequent communications."

Finally, after reviewing the record in this case, the Court is convinced that Plaintiff cannot plead any set of facts that would entitle him to relief under the FDCPA.[5] However, prior to dismissing this action for failure to state a claim, the Court will allow Plaintiff an opportunity to amend his Complaint.[6] Should Plaintiff fail to cure the defects in the Complaint,[7]

---

3. The allegations are not "facts." Rather, Plaintiff has parroted the language of the FDCPA.

   Defendant placed a telephone call to Plaintiff without making a meaningful disclosure of its identity when it failed to disclose that he was a debt collector, and the purpose of Defendant's communication in the telephone message in violation of 15 U.S.C. 1692d(6).
   [Compl. ¶ 24].

4. Plaintiff offered the following as "proof" of the alleged violations:
   1. I, JOSEPH BONIFACIO, was called and harassed by collectors for Defendant NORTHEASTERN ACQUISITIONS GROUP, INC.
   2. Defendant left me a voice mail and did not properly identify itself as a debt collector.
   3. Therefore, I am entitled to $1,000.00 in statutory damages. [DE 11–1, "Plaintiff's Affidavit of Damages"].

5. The Court recognizes that Plaintiff's attorney is experienced in the field of debt collec-

tion practices litigation, having filed three-hundred sixty-eight (368) FDCPA cases in the Southern District of Florida within the last year. Accordingly, the Court is confident that if facts existed to support Plaintiff's causes of action, that Plaintiff would have plead those facts.

6. The Eleventh Circuit "has prohibited *sua sponte* dismissals under Rule 12(b)(6) where: 1) the defendant had not filed an answer and the plaintiff still had a right to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; 2) the plaintiff brought his claim in good faith; and 3) the district court failed to provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir.2007)(citing *Jefferson Fourteenth Assoc. v. Wometco de P.R., Inc.*, 695 F.2d 524, 527 (11th Cir.1983)).

7. The factual deficiencies in the Complaint go well beyond the limited examples provided in this Order, for example, the Complaint fails to

the Court will *sua sponte* dismiss this action.

### V. CONCLUSION

In sum, Plaintiff fails to allege facts to support a violation of the FDCPA. For the reasons stated above, the Court will deny the motion for entry of final default. Moreover, the Court will vacate the default previously entered against the Defendant and require Plaintiff to amend his complaint. Therefore, it is

ORDERED that

(1) Plaintiff's Motion for Final Default Judgment [DE 11] is DENIED.

(2) The default entered by the Clerk of Court against Defendant Northeastern Acquisitions Group, Inc. on May 16, 2011 [DE 10] is VACATED.

(3) Plaintiff must file an amended complaint no later than **July 28, 2011.** If Plaintiff does not file an amended complaint by such date, the Court will dismiss this action.

allege facts, as opposed to legal conclusions, that plausibly suggest Plaintiff was the object of a collection activity arising from consumer debt.