[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16180

_____

D. C. Docket No. 04-23127-CV-MGC

TYCO FIRE & SECURITY, LLC,
PHILLIP MCVEY,
GEORGE AZZE,

                                                    Plaintiffs-Appellants,

versus

JESUS HERNANDEZ ALCOCER,
JORGE HERNANDEZ TORRES,
EMILIO ESPINOLA,
RAIF SHANIN ISAAC,
GONZALO QUESADA SUAREZ, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 22, 2007)**

Before TJOFLAT, HULL and BOWMAN,* Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Tyco Fire & Security, LLC, Phillip McVey, and George Azze ("Tyco"), appeal the district court's October 6, 2005 order granting Defendant Alert 24, LLC's ("Alert 24")[1] motion to dismiss for forum non conveniens. Because we conclude that the district court's order contains rulings that are internally inconsistent, we vacate and remand for further proceedings with directions.

## I. BACKGROUND

### A.    Tyco's Complaint and Service of Process

On December 15, 2004, Tyco filed a complaint against Defendant Alert 24 and several codefendants, in which Tyco alleged causes of action for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, civil conspiracy, and defamation. The record reflects that Defendant Alert 24 was served on December 31, 2004, through substitute service of process upon Carolyn Harrison at her house in North Carolina, on behalf of Paul Eichelberger, Alert 24's registered agent who had been residing with Harrison for approximately four

---

*Honorable Pasco M. Bowman II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

[1]Alert 24 is a Texas limited liability company with its principal place of business in Texas.

2

months. On January 27, 2005, a return of service was executed for Alert 24.

**B.     Clerk's Entry of Default, Fed. R. Civ. P. 55(a)**

For more than two months after service of process, Alert 24 failed to answer Tyco's complaint. Thereafter, on March 7, 2005, Tyco moved for a clerk's entry of default against Alert 24, pursuant to Federal Rule of Civil Procedure 55(a). In its motion, Tyco alleged that "Alert 24 was served duly with summons and complaint on December 31, 2004," but failed to answer within the time prescribed by the rules.[2] Tyco also attached an affidavit of service which indicated that the substituted service of process occurred on December 31, 2004.

Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

On March 17, 2005, the clerk entered a default against Alert 24, finding that Alert 24 was "in default for failure to appear, answer or otherwise plead to the complaint filed herein within the time required by law."

---

[2]Federal Rule of Civil Procedure 12(a) provides, in relevant part, that a defendant shall serve its answer "within 20 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A).

3

**C.     Alert 24's Motion to Dismiss**

On April 8, 2005, Defendant Alert 24 subsequently moved, in a single

pleading, to quash service of process, to vacate the clerk's entry of default, to

dismiss for lack of personal jurisdiction, to dismiss for improper venue, and to

dismiss for forum non conveniens.  In its motion, Alert 24 argued, inter alia, that

service of process was invalid because (1) Eichelberger was not an agent of Alert

24 and had not been affiliated with Alert 24 since he sold his interest in the

company in 2002; and (2) even if Eichelberger was the proper person to serve,

substitute service of process was ineffective because the house in North Carolina

where the papers were served was not Eichelberger's "permanent dwelling place."

Alert 24 also argued that, because service of process was invalid, the clerk's entry

of default should be set aside, pursuant to Rule 55(c).[3]

**D.     District Court's October 6, 2005 Order**

The district court addressed all of the issues in Alert 24's motion to dismiss

in a single order.  First, the district court found that service of process was proper

and denied the motion to quash.  Specifically, the district court found that, under

Texas law, limited liability companies must continuously maintain a registered

agent for purposes of service of process, and that Eichelberger was Alert 24's only

---

[3]Rule 55(c) provides, in relevant part, that "[f]or good cause shown the court may set aside an entry of default . . . ."  Fed. R. Civ. P. 55(c).

registered agent with the Texas Secretary of State at the time of service. The district court also noted that, even if Eichelberger was listed as Alert 24's registered agent due to an inadvertent error, that fact would be unavailing because Alert 24 failed to comply with the clear provisions under Texas law for changing a registered agent. The district court found that "it would be patently unfair and contrary to the purpose of [Texas law] for this Court to allow Alert 24 to shield itself from service of process simply by failing to comply with the [law's] unambiguous mandate." Finally, the district court determined that the substituted service of process was valid because the house in North Carolina was Eichelberger's usual place of abode at the time of service, and because there was no requirement that substituted service of process occur at Eichelberger's permanent dwelling house.

Next, the district court addressed Alert 24's motion to vacate the clerk's entry of default. The district court stated that a clerk's entry of default could be set aside for "good cause," pursuant to Rule 55(c), but noted that Alert 24 had failed to present any argument to justify setting aside the default other than its argument that service of process was invalid. The district court reiterated that service of process was valid and found that "the default was the result of Alert 24's culpable conduct." Accordingly, the district court denied the motion to vacate the clerk's

entry of default. The district court also denied Alert 24's motion to dismiss for lack of personal jurisdiction and its motion to dismiss for improper venue.

Although the district court had already denied Alert 24's motion to vacate the entry of default, and even though Alert 24 remained in default due to its failure to timely defend, the district court granted Alert 24's motion to dismiss for <u>forum non conveniens</u>, finding that Mexico was an adequate alternative forum. Tyco now appeals the district court's order dismissing the case for <u>forum non conveniens</u>. There is no cross-appeal from the district court's order.

## II. DISCUSSION

### A. Effect of Clerk's Entry of Default

The entry of a default against a defendant, unless set aside pursuant to Rule 55(c), severely limits the defendant's ability to defend the action. While "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," a defaulted defendant is deemed to "admit[] the plaintiff's well-pleaded allegations of fact." <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975).[4] The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." <u>Id.</u> Thus, before entering a default <u>judgment</u> for damages, the district court must

---

[4]This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (<u>en banc</u>).

6

ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. At that point, the defendant, even though in default, is still entitled to contest the sufficiency of the complaint and its allegations to support the judgment being sought. See Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) (citing Nishimatsu, 515 F.2d at 1206).[5]

A defaulted defendant also can defend by challenging the jurisdiction of the court to enter judgment against him. Thus, for example, a defendant in default still can challenge the validity of service of process or contest the court's exercise of personal jurisdiction over him.[6]

Other than the narrow exceptions discussed above, a defendant, once a default has been entered against him, is not entitled to raise any other defenses. Accordingly, procedural defenses, such as a motion to dismiss for forum non

_____

[5]A clerk's entry of default, pursuant to Rule 55(a), is distinct from a judgment by default entered by the clerk, pursuant to Rule 55(b)(1), or by the court, pursuant to Rule 55(b)(2). Here, Tyco did not request, and would not have been entitled to, a judgment by default entered by the clerk because its claim against Alert 24 was not "for a sum certain or for a sum which can by computation be made certain." See Fed. R. Civ. P. 55(b)(1). Rather, Tyco seeks an award of compensatory damages in an unspecified sum. Thus, although in default, Alert 24 also is entitled to contest the amount of damages before the court enters a judgment by default.

[6]We note, therefore, that it was proper for the district court to consider Alert 24's motions to quash service of process, to vacate the clerk's entry of default, and to dismiss for lack of personal jurisdiction.

conveniens, which the Supreme Court has described as a "supervening venue provision," are lost.  See Am. Dredging Co. v. Miller, 510 U.S. 443, 453, 114 S. Ct. 981, 988 (1994).

In this case, the district court upheld the clerk's entry of default against Alert 24, concluded that service of process was valid, and determined that it could properly exercise personal jurisdiction over Alert 24.  At that point, the district court should have refused to consider Alert 24's motion to dismiss for forum non conveniens.  However, because the district court did consider, and ultimately granted, Alert 24's motion to dismiss based on forum non conveniens without first vacating the clerk's default order, we find these rulings in the district court's order to be internally inconsistent.  Thus, we vacate the district court's October 6, 2005 order and remand for further proceedings.

On remand, if the district court determines, as it did in its October 6, 2005 order, that the default should not be set aside, then the district court must deny Alert 24's motion to dismiss for forum non conveniens.  At that point, Tyco can apply to the district court for entry of a judgment by default in accordance with Rule 55(b)(2), and Alert 24 would be entitled to challenge only the sufficiency of the complaint or the amount of the recovery.

If, on the other hand, the district court determines that the clerk's entry of

8

default should be set aside, then the district court should explain in detail why, vacate the clerk's default order, and only then reconsider Alert 24's motion to dismiss for <u>forum non conveniens</u>.

**B.    <u>Forum Non Conveniens</u> Analysis**

While we express no opinion as to the entry of default or as to the ultimate merits of Alert 24's motion to dismiss for <u>forum non conveniens</u>, we note that the district court's analysis of the <u>forum non conveniens</u> issues was lacking. Thus, we point out certain legal principles that should guide the district court's analysis in the event that the district court decides to vacate the clerk's default order and to reconsider the motion.

In order to prevail on its motion to dismiss based on <u>forum non conveniens</u>, Defendant Alert 24 has the burden of demonstrating that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) Tyco can reinstate its suit in the alternative forum without undue inconvenience or prejudice. <u>Leon v. Million Air, Inc.</u>, 251 F.3d 1305, 1311 (11th Cir. 2001).

The first step in this <u>forum non conveniens</u> analysis is to determine "whether an adequate alternative forum exists which possesses jurisdiction over the whole case." <u>C.A. La Seguridad v. Transytur Line</u>, 707 F.2d 1304, 1307 (11th Cir. 1983).

9

This inquiry has two parts – the defendant must demonstrate both the availability and the adequacy of the proposed alternative forum. Leon, 251 F.3d at 1311. In this case, Mexico would be an "available" forum if the Mexican court can assert jurisdiction over the entire case. Id. Generally, a defendant can demonstrate an available forum by showing that it is amenable to service of process in that forum, or alternatively, by consenting to the jurisdiction of the alternative forum. See, e.g., Piper Aircraft Co. v. Reyno, 454 U.S. 235, 242, 102 S. Ct. 252, 259 (1981); La Seguridad, 707 F.2d at 1305 n.1. In its brief on appeal, Tyco emphasizes that Defendant Alert 24 failed to establish before the district court that it was amenable to service of process in Mexico. Moreover, Alert 24 conceded at oral argument before this Court that it had not consented to the jurisdiction of the Mexican courts. Thus, it is unclear whether Mexico is an available alternative forum for this case. However, the district court's order did not address this threshold issue of "availability," but instead focused only on the adequacy of the Mexican forum. Any future analysis of Alert 24's motion to dismiss for forum non conveniens must address both whether the alleged alternative forum is "available" and whether that forum is adequate.

As to the second part of the inquiry, an alternative forum will be considered adequate so long as it could provide some relief for the plaintiffs' claims, even if

10

"the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum." Piper Aircraft, 454 U.S. at 247, 102 S. Ct. at 261. In its brief on appeal, Tyco argues that Alert 24 failed to present any evidence showing that adequate remedies exist in Mexico for the claims raised in Tyco's complaint, and that the district court improperly shifted the burden of proof on this issue to Tyco. If the district court decides to address Alert 24's motion to dismiss for forum non conveniens, it must also address these concerns when determining whether Mexico is an adequate alternative forum.

> Once an adequate alternative forum has been established,
>
> the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. If the trial judge finds this balance of private interests to be in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum.

La Seguridad, 707 F.2d at 1307 (citation omitted); see also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09, 67 S. Ct. 839, 843 (1947) (discussing private and public interest factors to be considered).

When balancing the private interest factors, the district court must consider the strong presumption in favor of a plaintiff's choice of forum. See Gulf Oil, 330 U.S. at 508, 67 S. Ct. at 843 (noting that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"); Piper

11

Aircraft, 454 U.S. at 255, 102 S. Ct. at 265-66 (noting that "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum"). This is especially true when a United States citizen has chosen a home forum in which to litigate. See La Seguridad, 707 F.2d at 1308 n.7 (recognizing that "courts should require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country") (quotation marks, brackets, and citation omitted). Although "dismissal should not be automatically barred when a plaintiff has filed suit in his home forum," Piper Aircraft, 454 U.S. at 255 n.23, 102 S. Ct. at 266 n.23, the failure to account for this presumption when balancing the private interests is an abuse of discretion, SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1102-03 (11th Cir. 2004).

Finally, if the district court determines that the balance of interests favors the alternative forum, then it must "ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice." La Seguridad, 707 F.2d at 1307. In its previous order, it is not clear whether the district court considered this final analytical step before dismissing Tyco's complaint based on

12

forum non conveniens. On remand, the district court should make sure to consider this issue in deciding whether to grant Alert 24's motion to dismiss.

## III. CONCLUSION

In sum, because we find that the district court's October 6, 2005 order contains rulings that are internally inconsistent, we vacate that order and remand with directions for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**