IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-30088

GEORGE A FARBER, MD

                                        Plaintiff - Appellant

v.

LOUISIANA STATE BOARD OF MEDICAL EXAMINERS; RITA
ARCENEAUX; CHARLES FOTI, Attorney General of the State of Louisiana

                                        Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-3475

Before JONES, Chief Judge, and GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:[*]

George Farber appeals the dismissal of his complaint against the Louisiana State Board of Medical Examiners ("the Board") and other defendants. We find that we have no jurisdiction to hear his appeal and therefore DISMISS the appeal.

The facts necessary to decide this case are procedural in nature. Farber filed a lawsuit against the defendants alleging a variety of claims arising from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the disciplinary activities taken by the Board against him. The defendants filed a motion for dismissal or, alternatively, summary judgment. The district court entered an order granting the defendants' motion, but gave Farber leave to amend his complaint and a deadline for filing that complaint once amended.[1] Farber filed an amended complaint a day after the deadline had passed.[2] Farber also filed a notice of appeal; consequently, the district court did not review Farber's amended complaint, stating that, in the light of the notice of appeal, it lacked jurisdiction to consider the amended complaint.[3] The defendants then filed a motion with a motions panel of this court, arguing that appellate jurisdiction did not obtain because the earlier order of the district court was not a final judgment from which appeal could be taken. The panel rejected the defendants' motion without comment, and the case has now reached us.

Farber relies on 28 U.S.C. § 1291 (and the earlier motions panel's decision) for his appellate jurisdiction. Section 1291 states in part: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." Though a motions panel has already ruled on the issue of jurisdiction, "[w]e have often held that a motions panel's refusal to dismiss an appeal for lack of a final order under § 1291 does not preclude the merits panel from reconsidering the existence of jurisdiction." United States v. Bear Marine Services, 696 F.2d 1117, 1120 n.6 (5th Cir. 1983). The order issued by the district court clearly contemplated further filing by Farber, and, indeed, such a filing ultimately occurred. Furthermore, the district court was prevented from

---

[1] The order of the district court expressly did not dismiss any claims against the Attorney General for "prospective, non-monetary relief."

[2] On appeal, Farber claims that the filing was, in fact, timely, casting further doubt on the finality of the district court's order.

[3] The district court acknowledged that it retained subject matter jurisdiction if Farber's appeal was from an unappealable order, but nevertheless decided to await our decision before taking any further action.

ruling even on the timeliness of Farber's subsequent filing by Farber's submission of a notice of appeal.[4] Accordingly, the "final decision[]" requirement of § 1291 is not satisfied, and we are without jurisdiction over this case until such final decision is issued by the district court. We therefore DISMISS the appeal.

---

[4] In addition, no final judgment within the meaning of Rule 58, Fed. R. Civ. P., was issued. Though such a requirement is not necessary for jurisdiction under § 1291 to exist when neither party objects to the lack of a separate document, see Bankers Trust Co. v. Mallis, 435 U.S. 381, 386 n.7 (1978), an objection does preclude our jurisdiction. See Hanson v. Tower of Flower Mound, 679 F.2d 497, 502 (5th Cir. 1982). The defendants' objections in this case, however, may easily be understood as such an objection. Separate final judgments are also a preferred practice, id., heightening the probability that the district court did not intend for its order to be final.