# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40563

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2015

Lyle W. Cayce
Clerk

ROSA SARAMIENTO MORENO,

Plaintiff – Appellant,

v.

LG ELECTRONICS, USA INCORPORATED; LG ELECTRONICS, REYNOSA, S.A. DE C.V.; LG ELECTRONICS REYNOSA; DOES 1–5; LG ELECTRONICS USA, INCORPORATED, REYNOSA,

Defendants – Appellees.

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, JONES, and ELROD, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Rosa Saramiento Moreno appeals from an order of the district court that set aside a clerk's entry of default against one of the named defendants, granted that defendant's motion to dismiss on the basis of *forum non conveniens*, and denied as moot Moreno's motion for entry of default against the other named defendant. Because Moreno cannot show that any purported procedural error prejudiced her, and because the district court's dismissal on *forum non conveniens* grounds was not an abuse of discretion, we affirm.

No. 14-40563

## I.

After allegedly suffering a disabling injury at her workplace in Mexico, Moreno brought this diversity suit against her employer and several other defendants: LG Electronics, U.S.A., Inc. ("LG USA"); LG Electronics, U.S.A., Inc., Reynosa ("LG Reynosa"); and five unnamed corporate entities.[1]  Moreno requested that the clerk enter defaults against the named defendants, LG USA and LG Reynosa.  The district court granted the request as to LG USA and directed the clerk to enter a default against it, but the district court refused to direct entry of a default against LG Reynosa because LG Reynosa was served at an address different from the one listed in the summons.  Moreno again moved for entry of default against LG Reynosa,[2] but the district court did not immediately rule on the motion because LG USA appeared after its default was entered.

LG USA moved to extend time to answer or respond to the complaint, to set aside the default entered against LG USA, for a dismissal as to LG Reynosa for lack of personal jurisdiction, and for a dismissal as to both LG USA and LG Reynosa on the basis of *forum non conveniens*.  In its motions, LG USA maintained that LG Reynosa does not exist and that LG USA appeared on its behalf out of an abundance of caution.

---

[1] The original complaint included as defendants, in addition to five unnamed corporate entities and LG USA, two other named corporate entities with names different from (but similar to) LG Reynosa.  The amended complaint, however, named only the five anonymous corporate entities, LG USA, and LG Reynosa.

[2] As a point of clarification, although Moreno filed an advisory announcing her intent to "file a default judgment," she in fact never moved for default judgment; her motions sought only the clerk's entry of default under Rule 55(a) of the Federal Rules of Civil Procedure.  The district court never entered a default judgment against any defendant, and the only default that was ever entered in this case was entered by the clerk against LG USA.

No. 14-40563

In response to LG USA's *forum non conveniens* motion, Moreno argued that LG USA, as a defaulting defendant, could not assert procedural defenses, but she did not respond to the merits of the motion.  Over six months later, the district court issued a single order that granted LG USA's motion to set aside its default, granted LG USA's motion to dismiss on the basis of *forum non conveniens*, and denied as moot Moreno's motion for entry of default against LG Reynosa.  Moreno then initiated this appeal, arguing that the district court procedurally erred by setting aside the default and ruling on the *forum non conveniens* motion in a single order.

## II.

"Federal courts apply the federal version of [*forum non conveniens* doctrine] in resolving a motion to dismiss where the alternative forum is a foreign tribunal."  *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003).  To obtain dismissal on the basis of *forum non conveniens*, the defendant must show "(1) the existence of an available and adequate alternative forum and (2) that the balance of relevant private and public interest factors favor dismissal."  *Id.*  This court reviews for abuse of discretion an order dismissing a suit on the basis of *forum non conveniens*.  *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 787 (5th Cir. 2007).

When an appellant "challenges the procedural propriety of the district court's entry of final judgment" by alleging that the district court gave no notice that it would rule on the merits, she must show "prejudice from the lack of notice."  *Atl. Richfield Co. v. F.T.C.*, 546 F.2d 646, 651 (5th Cir. 1977).  This requires the appellant to demonstrate "'that the lack of notice caused [her] to withhold certain proof which would show his entitlement to relief on the merits.'"  *Id.* (quoting *Eli Lilly & Co. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1106 (5th Cir. 1972)).

3

No. 14-40563

### III.

### A.

We first examine whether we have jurisdiction to entertain this appeal. *Cf. Wilkens v. Johnson*, 238 F.3d 328, 330 (5th Cir. 2001) ("Even absent a challenge by a litigant . . . we must examine the basis of our jurisdiction *sua sponte . . . .*"). In its brief, LG USA states that we have jurisdiction under 28 U.S.C. § 1291,[3] but at the same time, it asserts that the district court's order "is arguably not a final and appealable order because there was no separate judgment as required by Federal Rule of Civil Procedure 58(a)."

We have jurisdiction over this appeal. The district court entered its order dismissing Moreno's suit on May 7, 2014, and Moreno timely filed her notice of appeal on May 29, 2014. As amended in 2002, Rule 4 of the Federal Rules of Appellate Procedure explicitly provides that "[a] failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order." Fed. R. App. P. 4(a)(7)(B); *see also* Fed. R. App. P. 4(a)(7)(A)(ii) (treating a judgment or order as entered, notwithstanding a district court's non-compliance with the separate-document rule, if 150 days have run from the district court's entry of the judgment or order).

Indeed, even before the 2002 amendment to Rule 4, while we granted motions to dismiss an appeal where the district court failed to comply with

---

[3] *Forum non conveniens* dismissals are final and appealable under 28 U.S.C. § 1291. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955) ("'A dismissal in application of that [*forum non conveniens*] or any other principle puts an end to the action and hence is final and appealable.'" (quoting *Jiffy Lubricator Co. v. Stewart–Warner Corp.*, 177 F.2d 360, 362 (4th Cir. 1949)); *Cuevas v. Reading & Bates Corp.*, 770 F.2d 1371, 1375 (5th Cir. 1985) ("Dismissals on *forum non conveniens* grounds have been considered final and appealable as of right."), *abrogated on other grounds by In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147 (5th Cir. 1987) (en banc).

Rule 58's separate-document requirement, *see Nagle v. Lee*, 807 F.2d 435, 441 (5th Cir. 1987), we also acknowledged that the requirement "is not jurisdictional and may be waived." *Transit Mgmt. of Se. La., Inc. v. Grp. Ins. Admin., Inc.*, 226 F.3d 376, 382 n.8 (5th Cir. 2000); *see also Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387–88 (1978) (holding that a district court's noncompliance with the separate-document rule is waived where the order is evidently intended to represent the final decision and the appellee does not object); *Hanson v. Town of Flower Mound*, 679 F.2d 497, 500–01 (5th Cir. 1982) (reviewing *Mallis* and holding that "we may take jurisdiction of an appeal from a 'final decision' under § 1291, even though no separate judgment has been entered, when the parties fail to raise the issue").

By asserting that we have jurisdiction and failing to request a dismissal of the appeal, LG USA has waived the district court's noncompliance with the separate-document rule. Furthermore, nothing in the record or the district court's order reflects that the district court intended its order to be non-final. *See Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); *cf. Farber v. La. State Bd. of Med. Examiners*, 265 F. App'x 152, 153 (5th Cir. 2008) (dismissing appeal where appellee objected to the district court's noncompliance with the separate-document rule and the district court's order "clearly contemplated further filing" by a party). Thus, both under the amended version of Rule 4 and our pre-amendment precedent, the district court's failure to set forth its judgment on a separate document does not affect the validity of Moreno's appeal.

## B.

LG USA argues that by failing to request from the district court a second opportunity to respond to the motion to dismiss, Moreno waived the issue that

she argues on appeal. *See State Indus. Prods. Corp. v. Beta Tech., Inc.*, 575 F.3d 450, 456 (5th Cir. 2009) ("Under our general rule, arguments not raised before the district court are waived and will not be considered on appeal unless the party can demonstrate extraordinary circumstances." (internal quotation marks omitted)). LG USA is mistaken. First, it would be nonsensical to require Moreno to request a second opportunity to respond to the merits of the motion before the district court ruled when the error Moreno asserts is that the district court gave no notice it would rule on the merits. More importantly, in her response to the motion to dismiss, Moreno specifically argued that "[t]he procedural defense of *forum non conveniens* is not available to Defendant LG USA since an entry of default has been entered against it and the Court has not yet considered LG USA's Motion to Set Aside Entry of Default." Because this is the same argument that Moreno advances on appeal, she has preserved the issue.

## C.

Having determined that we have jurisdiction and that Moreno preserved the issue she raises, we proceed to the merits. Moreno argues that LG USA, as a defaulting defendant, lacked standing to raise procedural defenses such as *forum non conveniens*. Moreno further argues that it was error for the district court to simultaneously set aside the default and grant the motion to dismiss—a procedural defense that LG USA lacked standing to assert. Moreno contends that the district court should have either denied LG USA's motion to dismiss without prejudice or, after setting aside the default, should have given her an opportunity to respond to the merits of the now-ripe motion to dismiss.

To begin, we note that Moreno does not argue that the district court erred by setting aside LG USA's default, nor could she. Under Rule 55, a district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

The language of this rule is discretionary, and "the decision to set aside a default is committed to the sound discretion of the trial court." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). Furthermore, district courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense. *See id.* at 183–84; *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183–84 (5th Cir. 1985). This is because "courts universally favor trial on the merits." *Dierschke*, 975 F.2d at 183 (internal quotation marks omitted).

Moreno is correct that defaulting defendants forfeit their right to assert certain defenses. *Compare Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (defaulting defendant deemed to admit complaint's well-pleaded factual allegations but not its ill-pleaded factual allegations or its conclusions of law), *and Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (same), *with Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002) (lack of personal jurisdiction an available defense). Assuming *arguendo* that defaulting defendants cannot raise a *forum non conveniens* defense, however, a defendant most certainly can move for a *forum non conveniens* dismissal after its default is set aside, and we find no support for Moreno's contention that a district court cannot set aside a default and dispose of a newly ripened *forum non conveniens* motion in the same order.

As authority, Moreno principally relies on *Tyco Fire & Sec., LLC v. Alocer*, 218 F. App'x 860 (11th Cir. 2007). Contrary to Moreno's suggestion, the Eleventh Circuit in *Alocer* did not confront the issue that she raises in her appeal. In *Alocer*, the Eleventh Circuit examined a district court's order that granted a defendant's motion to dismiss on the basis of *forum non conveniens*, but unlike in this case, the order had simultaneously *upheld* an entry of default against the defendant. *Alocer*, 218 F. App'x at 861. Noting that a defendant

in default has forfeited procedural defenses such as *forum non conveniens*, the Eleventh Circuit concluded that the "rulings in the district court's order [are] internally inconsistent." *Id.* at 864. The court, therefore, vacated the order and remanded for the district court to determine whether to set aside the default, instructing that only if the default were set aside should the district court "then reconsider [the defendant's] motion to dismiss for *forum non conveniens*." *Id. Alocer* stands only for the proposition that a district court cannot grant a defaulting defendant's *forum non conveniens* motion while at the same time upholding the entry of default—the opinion does not address whether a district court may set aside a defendant's default and rule on its *forum non conveniens* motion in the same order.

Moreno also cites a magistrate judge's order directing that, should a defendant's default be set aside, the plaintiff would have ten days to respond to the defendant's *forum non conveniens* motion. *See McCants v. Ala.-W. Fla. Conference of United Methodist Church, Inc.*, No. CA 08-0686–KD–C, 2009 WL 735198, at \*1 (S.D. Ala. Mar. 18, 2009). While this order may model a "best practices" approach, it does not cite any precedent *requiring* such an approach. We cannot locate any, either. Presented with no authority to the contrary, we decline to hold that a district court is precluded from setting aside a default and granting a *forum non conveniens* motion in a single order.

Even assuming *arguendo* that the district court procedurally erred and should have given notice that it would rule on the merits of LG USA's *forum non conveniens* motion, Moreno—a Mexican citizen injured in Mexico in the course of her employment with a Mexican company—cannot demonstrate prejudice from the error because she has not shown that she would succeed in preventing dismissal if given another opportunity to respond to the motion. Before the district court, Moreno presented no argument against the merits of

LG USA's *forum non conveniens* motion.  Moreno also fails to show prejudice on appeal because her only argument against dismissal—that Mexico is not an adequate available forum due to its "outdated statutory wage figures" and comparatively harsh damages caps—is foreclosed by precedent.

The doctrine of *forum non conveniens* allows a court to decline the exercise of jurisdiction when the case may be heard in an alternative forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947).  "The defendant carries the burden of persuading the court that a lawsuit should be dismissed on *forum non conveniens* grounds."  *DTEX*, 508 F.3d at 794.  To invoke the doctrine, courts must determine that an alternative forum exists and then must consider both the "private interest of the litigant" and "[f]actors of public interest." *Gilbert*, 330 U.S. at 508.  Under the doctrine, "dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981).  In particular, "dismissal may be warranted where a plaintiff chooses a particular forum, not because it is convenient, but solely in order to harass the defendant or take advantage of favorable law."  *Id.* at 249 n.15.

The district court did not abuse its discretion by granting a *forum non conveniens* dismissal in this case, and Moreno has presented no meritorious argument demonstrating that the result would be any different were she afforded another opportunity to oppose LG USA's motion.  "We have held in numerous cases that Mexico is an available forum for tort suits against a defendant that is willing to submit to jurisdiction there," and "[t]hese many decisions create a nearly airtight presumption that Mexico is an available forum."  *In re Ford Motor Co.*, 591 F.3d 406, 412, 413 (5th Cir. 2009).  In light

No. 14-40563

of this strong presumption, district courts are permitted to presume that Mexico is still an available forum unless the plaintiff "can show evidence distinguishing [his] case from our precedent, an order from a Mexican court dismissing *[his] exact case* for lack of jurisdiction, or reliable evidence of some subsequent change in Mexican law that calls our earlier determinations into serious question." *Id.* at 413 (emphasis in original).

Moreno never made any such showing in this case, either before the district court or before this court on appeal. Therefore, Mexico is an alternative available forum. And while Moreno complains on appeal that Mexican tort law limits the amount of damages that she can recover, we have previously held that this aspect of Mexican law does not render inadequate the alternative forum that its courts provide. *See Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 212 (5th Cir. 2010) (holding that Mexico is an adequate forum even though the plaintiff argued that "the amount of damages would be more limited under Mexican as opposed to American law"); *DTEX*, 508 F.3d at 796 ("'Adequacy' does not require that the alternative forum provide the same relief as an American court."); *Vasquez*, 325 F.3d at 671–72 (rejecting the argument that Mexico's "severe damage caps" render it inadequate as a forum for relief); *see also Piper Aircraft Co.*, 454 U.S. at 249 n.15 ("[D]ismissal may be warranted where a plaintiff chooses a particular forum, not because it is convenient, but solely in order to . . . take advantage of favorable law.").

Even ignoring the presumption, the private and public interest factors weigh heavily in favor of dismissal here. The "private interest" factors include:

> (i) the relative ease of access to sources of proof; (ii) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (iii) possibility of view of [the] premises, if view would be appropriate to the action; (iv) all other practical problems that make trial of a case easy,

expeditious and inexpensive . . . enforceability of judgment[; and whether] the plaintiff [has sought to] "vex," "harass," or "oppress" the defendant.

*DTEX*, 508 F.3d at 794 (quoting *Gilbert*, 330 U.S. at 508). The "public interest" factors include:

> (i) the administrative difficulties flowing from court congestion; (ii) the local interest in having localized controversies resolved at home; (iii) the interest in having a the [sic] trial of a diversity case in a forum that is familiar with the law that must govern the action; (iv) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (v) the unfairness of burdening citizens in an unrelated forum with jury duty.

*DTEX*, 508 F.3d at 794.

Moreno is a Mexican citizen and resident. She does not contest that her alleged injury occurred in Mexico during the course of her employment with a Mexican company, while working in a facility owned and operated by other Mexican entities. It is also uncontested that the machine that allegedly caused her injury is owned, operated, and maintained by a Mexican company. Under these circumstances, all of the physical evidence and the majority (if not totality) of material witnesses will be located in Mexico. "Federal courts have no compulsory process over Mexican citizens," *Vaquez*, 325 F.3d at 673, and the cost of obtaining the attendance of willing witnesses would be much higher in Moreno's chosen forum. If a view of the premises were appropriate to the action, such viewing would be feasible only if the trial were held in a Mexican court. In addition, conducting a trial in the United States would likely require the added expense of translating reports and witness testimony. Finally, Mexico has an interest in having localized controversies such as this one resolved in its own courts, and the federal courts have an interest in avoiding

possible conflicts with—and application of—foreign law, and in not burdening United States citizens with jury duty in an unrelated forum.  The private and public interest factors weigh heavily in favor of dismissal, and Moreno has failed to show how the balance would tip differently were she given another chance to oppose LG USA's motion.  *See Atl. Richfield*, 546 F.2d at 651 (party challenging "the procedural propriety of the district court's entry of final judgment" must show "prejudice from the lack of notice [that the district court would rule on the merits]").

In sum, Moreno has failed to demonstrate that the district court erred by setting aside LG USA's default and granting its *forum non conveniens* motion in a single order.  Moreover, even assuming that the district court committed a procedural error by failing to give notice that it would rule on LG USA's motion, Moreno cannot demonstrate that any such error prejudiced her because she has presented no meritorious argument against dismissal.

## IV.

In light of the foregoing discussion, we AFFIRM.