# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2018

Lyle W. Cayce
Clerk

No. 16-51317
Summary Calendar

ALFRED MCZEAL, also known as Al McZeal; FREDERIC GLADLE; BARBARA GLADLE; J. LYDIA HERNANDEZ; EUTIMIO C. HERNANDEZ; SOLEDAD SOLANO; DIEMETRIO LOYA; JOSE SOLANO,

>    Plaintiffs-Appellants

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY; OCWEN LOAN SERVICING, L.L.C.; US BANK NATIONAL ASSOCIATION; MIDSOUTH NATIONAL BANK, NA; L. J. ANGELLE; WELLS FARGO BANK, N.A.; EMC MORTGAGE, L.L.C.; JP MORGAN CHASE BANK, N.A.; LIBERTY BANK & TRUST COMPANY; SULMYERKUPETZ; ELISSA DIANE MILLER; MACKIE WOLF ZIENTZ & MANN, P.C.; L. KELLER MACKIE; BRANDON B. WOLF; MICHAEL W. ZIENTZ; LESLIE N. MANN,

>    Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-430

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51317

Plaintiffs Alfred McZeal, Frederic Gladle, Barbara Gladle, J. Lydia Hernandez, Eutimio Hernandez, Soledad Solano, Diemetrio Loya, and Jose Solano ("Plaintiffs") appeal the district court's dismissal with prejudice of their lawsuit. The district court concluded that Plaintiffs' first amended complaint failed to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we affirm.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, proceeding pro se, filed their original complaint in April 2016. Plaintiffs' allege over twenty claims against Defendants Deutsche Bank National Trust Company, Ocwen Loan Servicing, L.L.C., US Bank National Association, Midsouth National Bank, NA, L.J. Angelle, Wells Fargo Bank, N.A., EMC Mortgage, L.L.C., JP Morgan Chase Bank, N.A., Liberty Bank & Trust Company, Sulmyerkupetz, Elissa Diane Miller, Mackie Wolf Zientz & Mann, P.C., L. Keller Mackie, Brandon B. Wolf, Michael W. Zientz, and Leslie Mann ("Defendants") which include violations of the Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collections Practices Act, the Fair Housing Act, securities fraud, breach of contract, invasion of privacy, trespass, and civil conspiracy.

On June 7, 2016, the district court granted Defendants' six unopposed motions to dismiss and dismissed Plaintiffs' claims with prejudice. Alternatively, the district court analyzed the merits of Defendants' various motions to dismiss and held that Plaintiffs' complaint included only conclusory allegations that failed to state a plausible claim for relief against Defendants.

Plaintiffs subsequently filed a motion under Federal Rule of Civil Procedure 60(b)(1), (b)(3), and (b)(6) to set aside the dismissal of their claims against Defendants. On August 3, 2016, the district court granted Plaintiffs' motion in part and denied the motion in part setting aside its order that

dismissed Plaintiffs' claims with prejudice. Particularly, the district court held that Plaintiffs established excusable neglect under Rule 60(b)(1) after their failure to respond to Defendants' motions to dismiss. The district court also granted Plaintiffs' request to file an amended complaint to correct the deficiencies in their original complaint.

On August 22, 2016, Plaintiffs filed their first amended complaint that included claims similar to the original complaint and ten new claims. Defendants subsequently filed motions to dismiss Plaintiffs' first amended complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs collectively responded to Defendants' motions to dismiss. In their opposition to Defendants' motions to dismiss, Plaintiffs requested an opportunity to file a second amended complaint because of deficiencies in their pleadings. Plaintiffs also filed three motions seeking entries of default against five of the defendants. After the clerk entered default as to four of the defendants, the district court withdrew the entries of default against the four defendants because of insufficient service of process.

On October 7, 2016, the district court dismissed Plaintiffs' claims with prejudice because of Plaintiffs' inability to properly plead their claims against Defendants in their first amended complaint. The district court denied Plaintiffs' request to amend their first amended complaint. On appeal, Plaintiffs, still proceeding pro se, contend that the district court (1) abused its discretion in failing to allow them to amend their first amended complaint; (2) erroneously dismissed the first amended complaint after converting Defendants' motions to dismiss to motions for summary judgment without providing notice of the conversion to Plaintiffs; (3) erred by dismissing Plaintiffs' first amended complaint; and (4) wrongfully withdrew the clerk's entry of default against certain defendants.

No. 16-51317

## II.    DISCUSSION

The district court did not abuse its discretion in denying Plaintiffs' second request to amend their complaint.  *See McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 312 (5th Cir. 2002). "The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Plaintiffs also failed to explain in either the district court or in this appeal "what facts [they] would have added or how [they] could have overcome the deficiencies found by the district court if [they] had been granted an opportunity to amend." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiffs "give[] no indication that [they failed to] plead [their] best case in [their] complaint." *Id*. The district court was justified to dismiss Plaintiffs' claims without providing another opportunity for Plaintiffs to amend their complaint after Plaintiffs failed to follow the pleading requirements for the second time.  *See id.*; *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) (holding that the district court did not abuse its discretion when it denied the plaintiffs' request to file an amended complaint after it had already twice allowed the plaintiffs to amend their complaint).

There is likewise no merit to Plaintiffs' contention that the district court converted the Rule 12(b)(6) dismissal into a summary judgment dismissal without providing notice.  *See* Fed. R. Civ. P. 12(d). While the district court's order dismissing the first amended complaint mentions that some of the plaintiffs have been declared "vexatious litigators" in other proceedings, the

4

district court's order does not otherwise reference any pleadings from a separate case or any other evidence beyond the pleadings. Given that the appealed district court order is expressly supported by specific and detailed reasons based entirely on the insufficiency of Plaintiffs' first amended complaint, it does not "appear[] that the district court *did* rely on matters outside the pleadings" for its decision. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993) (emphasis in original). We will not treat the district court's dismissal as if it were a summary judgment dismissal. *See id.*

The district court did not err in dismissing Plaintiffs' first amended complaint based on Plaintiffs' failure to state a plausible claim against Defendants. *See United States ex. rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). "[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books-A-Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (emphasis in original). Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis in original). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In this appeal, Plaintiffs' challenge to the district court's finding of factual insufficiency consists solely of their assertion that "a short state[ment] of the claim was provided on page 1 and on page 13 of the original complaint." Plaintiffs' original complaint is no longer a live pleading, as it was superseded and replaced by Plaintiffs' first amended complaint. *See King v. Dolan*, 31 F.3d 344, 346 (5th Cir. 1994). By relying solely on the factual allegations in their

superseded original complaint, Plaintiffs have failed to adequately brief, and have thereby abandoned, any argument regarding the sufficiency of their currently operative first amended complaint. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Assuming arguendo that Plaintiffs actually meant to rely on pages 1 and 13 of the first amended complaint, their argument is meritless. The referenced pages of the first amended complaint contain broad, conclusory, and non-specific allegations that are insufficient to state a plausible claim to relief, especially given that the complaint does not identify the specific pieces of real property at issue in this case or explain the relationships between any particular Plaintiffs and Defendants. *See Twombly*, 550 U.S. at 565 n.10, 570. Because Plaintiffs' first amended complaint failed to plead factual content from which Defendants' liability could reasonably be inferred, the district court did not err in dismissing the first amended complaint as factually insufficient. *See Iqbal*, 556 U.S. at 678.

Finally, the district court did not abuse its discretion in setting aside the clerk's entry of default as to four of the defendants because of insufficient service of process. *See Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015). There is no merit to Plaintiffs' contention that the district court failed to provide reasons for its decision and improperly set aside the entry of default as to four of the defendants. *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).").

In light of the foregoing, the judgment of the district court is AFFIRMED.