**Martin OGDEN, Plaintiff–Appellant**

v.

**John E. POTTER, Postmaster General of the United States Postal Service, Defendant–Appellee.**

No. 10–50146

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 19, 2010.

Markes Eugene Kirkwood, Sr., Esq., San Antonio, TX, for Plaintiff–Appellant.

Robert Keith Shaw–Meadow, Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Defendant–Appellee.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Plaintiff Martin Ogden appeals the district court's grant of summary judgment in favor of Defendant John E. Potter, as Postmaster General of the United States Postal Service, on Plaintiff's age discrimination, hostile work environment, and retaliation claims under federal law. Reviewing the record *de novo, Williams v. Wynne,* 533 F.3d 360, 365 (5th Cir.2008), we AFFIRM.

1. Ogden has waived his appeal of the district court's entry of judgment for Potter on his age discrimination claim. *Mullins v. TestAmerica, Inc.,* 564 F.3d 386,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

407 n. 9 (2009). Although he appeals the district court's order in its entirety, he lists only two issues on appeal—retaliation, and hostile work environment. And, he scarcely references his age in his opening brief. Thus, we deem this issue on appeal to have been waived.

2. We agree with the district court that Ogden failed to establish a *prima facie* case on his retaliation claim, or alternatively failed to show pretext. A single denial of leave is not an adverse employment action when it affects leave on a specific date and time, but not the employee's amount of or right to take leave in general, because a reasonable employee would not have found the action to be materially adverse. *See Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 70, 126 S.Ct. 2405, 2415–16, 165 L.Ed.2d 345 (2006) ("[T]his standard will screen out trivial conduct while effectively capturing those acts that are likely to dissuade employees from complaining or assisting in complaints about discrimination."). Nor would Ogden's rescinded letter of warning count as an adverse employment action because Title VII's "antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Id.* at 2415. We also agree with the district court that even assuming the denial for auxiliary assistance constituted an adverse employment action— which it likely does not—Ogden has failed to meet his burden to show that Potter's legitimate non-discriminatory reason for the denial was pretext. *Aryain v. Wal–Mart Stores Tx. LP,* 534 F.3d 473, 484 (5th Cir.2008). Ogden failed to make a *prima facie* case for his denial of leave, and rescinded warning letter allegations. And, he failed to show Potter's reason for denying auxiliary assistance was pretext.

3. The district court correctly entered judgment for Potter on Ogden's hostile work environment claim. The only specifi-

cally identified incidents Ogden cites as the basis for his hostile work environment claim are those discussed above. Even assuming that Ogden found these three incidents as sufficiently severe and pervasive, his perception is not objectively reasonable. *Frank v. Xerox, Corp.,* 347 F.3d 130, 138 (5th Cir.2003). Nor does Ogden offer any evidence that any of these actions were based on his age. *Id.* Thus, his hostile work environment claim fails.

AFFIRMED.