# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50655
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2016

Lyle W. Cayce
Clerk

RAFAEL DIAZ,

Plaintiff - Appellant

v.

KAPLAN HIGHER EDUCATION, L.L.C., incorrectly listed as Kaplan Higher
Education Corporation and Kaplan College San Antonio-Ingram,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Raphael Diaz lost his position as a paralegal instructor at Kaplan College due to Kaplan's nationwide reduction-in-force. In the months leading up to his termination, Diaz alerted Kaplan to a student allegation of impropriety involving the classroom attendance procedures of another instructor in the paralegal program. Diaz sued Kaplan under the anti-retaliation provision of the False Claims Act. The district court granted summary judgment to Kaplan, and Diaz appeals.

No. 15-50655

## I.     BACKGROUND

Kaplan College hired Diaz as a paralegal instructor at its San Antonio-Ingram campus in 2010. Diaz was one of only two full-time instructors in the department, along with Irma Zatarain, the department's lead instructor and externship coordinator. A concerned student approached Diaz in April 2012, telling him that Zatarain allowed the student to miss class but marked her as present for attendance purposes. Diaz had the student put the complaint in writing, and then sent it to Kaplan's Assistant Director of Education, who immediately notified Liza Canchola, Kaplan's Executive Director at its Ingram campus. Canchola reported the complaint to Kaplan's compliance department for investigation. Diaz communicated with the compliance department four times that same month (twice by phone and twice by email) about the allegation. Ultimately, the compliance department's investigation was inconclusive.

Canchola was a new Executive Director, having been appointed the previous month—March 2012. One of her first tasks as Executive Director was to implement Ingram's share of Kaplan's nationwide reduction-in-force due to decreasing student enrollment. After evaluating the number of students in Ingram's various programs and the corresponding staff levels, Canchola determined that the Ingram campus needed to eliminate several positions, including one full-time position in the Paralegal Studies department—either Diaz or Zatarain. Canchola and Kaplan's Director of Education evaluated all of the employees in the paralegal department, and Diaz had the lowest rating. Additionally, Zatarain had more direct experience than Diaz, was the lead instructor and externship coordinator, and had been with Kaplan for more than ten years, compared to Diaz's two. Canchola recommended that Diaz's position be eliminated, and Kaplan's leadership approved. Canchola informed

2

No. 15-50655

Diaz that his position was eliminated on June 7. Diaz confirmed that Kaplan eliminated other positions that same day.

Diaz sued Kaplan in state court, alleging retaliation under the False Claims Act and intentional infliction of emotional distress. Kaplan removed the suit to federal court and filed a motion for summary judgment. Both parties moved to strike some of the other party's summary judgment evidence. The district court denied both motions to strike and granted Kaplan's motion for summary judgment. Diaz moved for a new trial, which the district court properly considered as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The court denied his motion. Diaz timely appealed the district court's denial of his False Claims Act claim.[1] Having reviewed the briefs and record, we AFFIRM.

## II.    STANDARD OF REVIEW

We review de novo a district court's grant of summary judgment, "applying the same standards as the district court." *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.    DISCUSSION

Diaz sued Kaplan for retaliation under the False Claims Act, 31 U.S.C. § 3730(h).[2] The district court held and both parties on appeal agree that the

---

[1] The district court dismissed Diaz's intentional infliction of emotional distress claim because Diaz failed to address it in his response to Kaplan's motion to dismiss. Diaz does not brief this issue on appeal and therefore has waived it. *See In re Tex. Mortg. Servs. Corp.*, 761 F.2d 1068, 1073 (5th Cir. 1985) ("issues 'not raised or argued *in the brief* of the appellant may be considered waived and thus will not be noticed or entertained by the court of appeals.'" (quoting 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3974, at 421 n.1 (1977))).

[2] Section 3730(h)(1) states:

Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor,

3

No. 15-50655

*McDonnell Douglas* framework applies to § 3730(h) retaliation claims. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[3]

Under this framework, the plaintiff must first prove a prima facie case of retaliation by showing "(1) that he engaged in protected activity, (2) that he suffered an adverse employment action, and (3) 'that a causal link existed between the protected activity and the adverse action.'" *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 827 (5th Cir. 2015) (quoting *Davis v. Fort Bend City*, 765 F.3d 480, 489–90 (5th Cir. 2014)). Once an employee establishes a prima facie case, "the burden shifts to the employer to state a legitimate, non-retaliatory reason for its decision. After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 388–89 (5th Cir. 2007) (citation omitted). Here, the district court found that Diaz established a prima facie case, which Kaplan does not dispute on appeal. The district court then found that Kaplan presented a legitimate, non-retaliatory reason for terminating Diaz: Kaplan's campus-wide reduction-in-force. The district court relied on this court's decision in *Roberson v. Alltel*

---

or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

[3] Five of our sister circuits, *United States ex rel. Schweizer v. Oce N.V.*, 677 F.3d 1228, 1240–41 (D.C. Cir. 2012); *Harrington v. Aggregate Indus. Ne. Region, Inc.*, 668 F.3d 25, 31 (1st Cir. 2012); *Scott v. Metro. Health Corp.*, 234 F. App'x. 341, 346 (6th Cir. 2007); *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 186 (3d Cir. 2001); *Norbeck v. Basin Electric Power Coop.*, 215 F.3d 848, 850–51 (8th Cir. 2000), and at least three additional district courts in our circuit, *United States v. City of Dallas*, No. 3:09–CV–1452, 2011 WL 4912590, at *5 (N.D. Tex. Sept. 27, 2011); *Turner v. DynMcDermott Petroleum Operations Co.*, No. 06–1455, 2010 WL 4363403, at *2 (E.D. La. Oct. 21, 2010); *United States ex rel. Dyson v. Amerigroup Tex., Inc.*, No. H–03–4223, 2005 WL 2467689, at *3 (S.D. Tex. Oct. 6, 2005), have adopted this approach with none identifying conflicting authority. We likewise apply the *McDonnel Douglas* framework to the False Claims Act's anti-retaliation provision.

*Info. Servs.*, 373 F.3d 647, 656 (5th Cir. 2004). In *Roberson*, we held that the employer's company-wide reduction-in-force was an "undisputed legitimate, nondiscriminatory reason" for its decision to terminate an employee. *Id.* The district court correctly applied *Roberson* to this case and shifted the burden back to Diaz to show that Kaplan's reason was actually pretext for retaliation.

The district court entered summary judgment for Kaplan because Diaz did not show pretext. Specifically, it found that "Diaz ha[d] not even mentioned the issue of pretext in his response to Kaplan's motion for summary judgment, let alone presented sufficient evidence to create a fact issue as to whether Kaplan's proffered explanation for his termination was pretextual." Diaz appeals this finding, and points to two passages in his response to Kaplan's motion for summary judgment as "credible evidence and argument" of pretext. The first passage Diaz highlights is in his statement of facts section, and the second is in his discussion of the elements required to prove a prima facie case of retaliation. Neither passage uses the word pretext, much less discusses pretext. Even though Kaplan's motion for summary judgment specifically argued that "Diaz presents no evidence of pretext," Diaz still did not address pretext anywhere in his response.

On appeal, Diaz argues that the following evidence supports pretext: (1) a prior audit found that Zatarain was not qualified to teach or be the externship coordinator; (2) Zatarain fraudulently altered attendance records and was the focus of Diaz's complaint; and (3) Diaz was terminated on the same day as his last email to Kaplan's compliance department. As the district court noted, however, "[t]he party opposing summary judgment is required to identify specific evidence in the record *and to articulate the precise manner in which that evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (emphasis added). Because Diaz failed to discuss pretext *at all* in response to Kaplan's motion for summary judgment,

5

he necessarily failed "to articulate the precise manner in which [the presented] evidence supports his [] claim" of pretext. *Id.* We do not consider Diaz's pretext argument on appeal because he failed to raise it in the district court. *See Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 697 (5th Cir. 2015) ("Under our general rule, arguments not raised before the district court are waived and will not be considered on appeal unless the party can demonstrate extraordinary circumstances." (quoting *State Indus. Prods. Corp. v. Beta Tech., Inc.*, 575 F.3d 450, 456 (5th Cir. 2009))). Diaz has not shown extraordinary circumstances.

Finally, Diaz argues that the district court erred by (1) considering the affidavits of Canchola and Laura Bledsoe, Kaplan's Director of Operations, because they are "interested witnesses"; (2) "discounting and finding irrelevant" the affidavit of Julio Lopez; and (3) "discounting and finding irrelevant" the student allegation that Zatarain fraudulently altered attendance records. Each of these arguments lacks merit.

First, the district court properly considered Canchola and Bledsoe's affidavits. We previously held that "[t]he definition of an interested witness cannot be so broad as to require us to disregard testimony from a company's agents regarding the company's reasons for discharging an employee." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 898 (5th Cir. 2002). To hold otherwise "would foreclose the possibility of summary judgment for employers, who almost invariably must rely on testimony of their agents to explain why the disputed action was taken." *Id.*

Second, Diaz is mistaken when he claims that the district court "seem[ed] to completely disregard" Lopez's affidavit, which Diaz claims is evidence that Zatarain "was unqualified by education to either serve as an instructor or be the externship coordinator." The district court was clear that it *considered* Lopez's affidavit, but found it "irrelevant" because "the reduction-

No. 15-50655

in-force occurred in 2012" while the affidavit "alleged that Zatarain was unqualified to teach in 2010 or 2011." The district court did not err.

Third, Diaz argues that the district court "seem[ed] to ignore the fact that evidence was offered by Diaz that Zatarain had committed clear fraud with respect to attendance records." As discussed above, however, Diaz neither raised pretext in the district court nor "articulate[d] the precise manner in which [his] evidence" of alleged attendance fraud—consisting solely of a single student allegation—supports his claim of pretext. *Ragas*, 136 F.3d at 458.

## IV.   CONCLUSION

For the foregoing reasons, the judgement of the district court is AFFIRMED.