# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50698
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2016

Lyle W. Cayce
Clerk

MARTIN E. OGDEN,

                    Plaintiff - Appellant

v.

MEGAN J. BRENNAN, Postmaster General of the United States Postal
Service,

                    Defendant - Appellee

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-770

---

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Martin E. Ogden challenges the district court's grant of summary judgment to his employer, the United States Postal Service, on his age discrimination, retaliation, and hostile work environment claims.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50698

## FACTUAL AND PROCEDURAL BACKGROUND

Ogden is a 75-year-old employee of the United States Postal Service ("USPS"). He has worked as a letter carrier at the Valley Hi Postal Station in San Antonio, Texas, since 1984. He initiated two administrative complaints with the USPS Equal Opportunity Office in 2013, which form the basis of this lawsuit. He made an age discrimination and retaliation complaint based on being denied leave on November 28, 2012. He also made a hostile work environment claim covering the time period of May 13 to July 31, 2013. The Equal Employment Opportunity Commission affirmed the administrative judge's grant of summary judgment for USPS. The administrative judge later dismissed Ogden's complaint so he could pursue relief in federal court.

Ogden then sued USPS in federal district court. He brought claims under the Age Discrimination in Employment Act of 1967 (the "ADEA"), for disability discrimination under the Rehabilitation Act of 1973, for retaliation based on his discrimination complaint, and a hostile work environment. Relevant to this appeal, Ogden alleged five incidents support these claims: he was denied leave on November 28, 2012; USPS management followed him on his route; USPS management criticized and harassed him for missing scan points on his route; he received a letter of warning about a vehicular accident, which was later rescinded; he was subjected to "derogatory statements." The district court granted USPS's motion for summary judgment on all claims. Ogden timely appealed.

## DISCUSSION

Ogden challenges the district court's entry of summary judgment for USPS on his age discrimination, retaliation, and hostile work environment claims on appeal. He failed to brief the district court's resolution of his disability discrimination claim, so we do not consider that claim. *See*

2

No. 15-50698

*Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 896 n.7 (5th Cir. 1998). We review the grant of summary judgment *de novo. Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002). We can affirm on any basis supported in the record. *Id.* at 878.

I.    *Age Discrimination Claim*

For a prima facie age discrimination case, Ogden must show he (1) was a member of a protected group, (2) was qualified for the relevant position, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated individuals outside the group. *See Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (applying the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to ADEA claims). Adverse employment actions "include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007).

Ogden complains on appeal about two incidents where he was denied leave. We will only consider the denial of leave on November 28, 2012, as only that incident was before the district court. *See Diaz v. Kaplan Higher Educ., L.L.C.*, 820 F.3d 172, 177 (5th Cir. 2016). Ogden interpreted his request for leave as denied because his supervisor never acted on it. Even if we accepted Ogden's interpretation, we agree with an unpublished opinion from our court holding a single denial of leave for a specific date and time does not constitute adverse employment action. *See McElroy v. PHM Corp.*, 622 F. App'x 388, 390–91 (5th Cir. 2015).

Ogden also complains that USPS management criticized him for missing scan points, observed him on his route, and issued a letter of warning for a vehicular accident. These activities do not constitute adverse employment

3

action because they do not affect "job duties, compensation, or benefits . . . ." *See Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014).

The district court did not err in entering summary judgment for USPS on the age discrimination claim.

## II.   *Retaliation Claim*

To make a prima facie case of retaliation, Ogden must show (1) he participated in protected activity, (2) he suffered adverse employment action, and (3) that a causal connection exists between his activity and the adverse employment action. *See McCoy*, 492 F.3d at 556–57. An adverse employment action in the retaliation context is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) (quotation marks omitted).

We rejected Ogden's claim in a previous lawsuit that a single incident of denial of leave constitutes adverse employment action. *See Ogden v. Potter*, 397 F. App'x 938, 939 (5th Cir. 2010). He also argues that adverse action occurred when management observed him on his route, criticized him for missing scan points, issued him a since-rescinded letter of warning about a vehicular accident, and made derogatory statements about him. First, regarding the derogatory statements, Ogden never made this argument in the district court. We therefore do not consider it. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992). Regarding Ogden's assertion that he was observed on his route, USPS offered evidence that all letter carriers were subject to street observations at any time under Valley Hi's "street management" program. Similarly, regarding Ogden's missed scan points, Ogden admitted that he heard management "chastising many carriers for missing scan points." These incidents are not adverse employment actions

because Ogden was treated similarly to other letter carriers. *See Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 485–86 (5th Cir. 2008).

Ogden claims the rescinded letter of warning[1] he received for a vehicular accident supports his retaliation claim. Ogden's Postal vehicle was hit by another car after he parked his vehicle in front of a convenience store. After Valley Hi station managers investigated, they issued Ogden a letter of warning because his vehicle was not in a designated parking space. This document was changed to an "official discussion" after Ogden filed a union grievance. We agree with a previous opinion involving Ogden in which a rescinded letter of warning was held not to be an adverse employment action. *Ogden*, 397 F. App'x at 939. Moreover, to show pretext, Ogden only offers conclusory assertions based on his subjective opinion that he was not at fault in the accident. Disagreeing with his employer's assessment of his performance is insufficient to create a genuine dispute of material fact. *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002). The district court properly entered summary judgment for USPS on the retaliation claim.

## III.   *Hostile Work Environment Claim*

To establish a hostile work environment claim based on age discrimination under the ADEA,[2] Ogden must show he (1) "was over the age of 40," (2) "was subjected to harassment, either through words or actions, based on age," (3) which created an "objectively intimidating, hostile, or offensive work environment[,]" and (4) there is some basis for the employer's liability.

---

[1] For the first time on appeal, Ogden mentions seven other letters of warning. These incidents are not properly before us. *See Diaz*, 820 F.3d at 176–77.

[2] Occasionally, in the district court and on appeal, Ogden claims he suffered a retaliatory hostile work environment. We do not decide whether such a cause of action exists because Ogden cannot show his work environment was hostile. *See Fallon v. Potter*, 277 F. App'x 422, 424 (5th Cir. 2008).

No. 15-50698

*See Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011).  A hostile workplace is "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment." *Id.*

On appeal, Ogden claims USPS supervisors and fellow employees called him a "precious possession," "old fart," "cry baby," "little brat," and "crazy old man."  In district court, Ogden did not point out these statements in the record, explain who said them, or when they were said.  The district court does not have a "duty to sift through the record in search of evidence" to support Ogden's claims.  *Skotak*, 953 F.2d at 915 n.7.  We do not consider evidence or arguments Ogden failed to properly present in the district court.  *See id.* at 915.

In the district court, Ogden claimed he was harassed because of management's "special interest" in him, holding a meeting about him, observing him on his route, and "bullying, . . . threats, . . . intimidation, . . . [and] name calling."  Ogden's vague speculation about management's "special interest" does not show any evidence of harassment.  *See Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).  He fails to offer any evidence that the meeting was objectively offensive or had causal nexus to his age.  *See Dediol*, 655 F.3d at 441.  As already discussed, Ogden did not show he was monitored any differently than other letter carriers.  *See id.*  Finally, even if we were to consider the more detailed "derogatory statements" he points out on appeal, in addition to the vague assertions he made in district court about "bullying" and "name calling," the derogatory statements here are "insufficient to create a genuine issue of material fact" as to whether his work environment was hostile.  *See Reed v. Neopost USA*, 701 F.3d 434, 440 (5th Cir. 2012).

AFFIRMED.