# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60081
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2017

Lyle W. Cayce
Clerk

ANDREW LUCAS,

Plaintiff–Appellant,

v.

S. LAVON EVANS, JR.; S. LAVON EVANS, JR. OPERATING COMPANY, INCORPORATED,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:16-CV-10

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Andrew Lucas brought this breach of contract action against Defendants–Appellees S. Lavon Evans, Jr. and S. Lavon Evans, Jr. Operating Company, Incorporated (collectively, "Evans"). Applying

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60081

Mississippi's catch-all statute of limitations, the district court granted Evans's motion for summary judgment. For the reasons stated below, we AFFIRM.

## I. BACKGROUND

On January 27, 2010, Lucas and Evans executed a settlement agreement which resolved certain "claims, issues, and disputes relating to or arising from [the parties'] various business ventures." The agreement imposed a number of obligations on both parties; at issue in this case is Evans's promise to pay Lucas $556,500 plus interest. The agreement called for Evans to pay monthly installments, starting at $10,000 per month and rising to $20,000 per month, "until the unpaid principal, interest, and all loan charges have been paid in full." If Evans had paid all his installments in a timely manner, the last installment would have come due in November 2012. The agreement also called for Evans to execute a promissory note and deliver it to Lucas along with the agreement.

Evans failed to execute a promissory note. According to Lucas, Evans did make three $10,000 payments to Lucas in February, March, and April 2010. Evans has no record of those payments but states that he made a partial payment of $5,000 in February 2012. It is undisputed that Evans made no additional payments thereafter. Lucas contacted Evans as early as April 19, 2010, to complain about missed payments and to threaten legal action.

Lucas sued Evans for breach of contract on January 15, 2016. Evans moved for summary judgment, arguing that Lucas's claim was barred by Mississippi's three-year statute of limitations applicable to breach of contract actions. *See* Miss. Code § 15-1-49. In response, Lucas argued that Evans was continuing to breach the settlement agreement by not making payments. The

No. 17-60081

district court granted Evans's motion for summary judgment and dismissed Lucas's claim. This appeal followed.

## II. DISCUSSION

"This Court 'reviews a district court's grant of summary judgment de novo, applying the same standards as the district court.'" *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017) (quoting *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We "view the evidence introduced and all factual inferences from the evidence in the light most favorable to the [nonmoving] party." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (quoting *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995)).

On appeal, Lucas raises his continuing breach argument as well as several new arguments, including that the settlement agreement is a de facto promissory note to which a six-year statute of limitations applies,[1] *see* Miss. Code § 15-1-81, and that the statute of limitations should be tolled.[2] Because Lucas failed to raise these arguments in response to Evans's summary judgment motion in the district court, we decline to address them for the first time on appeal. *See Diaz v. Kaplan Higher Educ., L.L.C.*, 820 F.3d 172, 176–77 (5th Cir. 2016) ("Under our general rule, arguments not raised before the

---

[1] We note that Lucas did make his promissory note argument in response to Evans's motion to dismiss, which the district court denied on other grounds. Lucas abandoned this argument by failing to raise it at the summary judgment stage. *See Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001) (holding that a defendant abandoned a defense raised in its answer by failing to reassert it in response to a summary judgment motion).

[2] In his summary judgment response, Lucas did note that Evans committed to paying the debt in full as soon as Evans received a large civil settlement to which he was entitled. Lucas did not connect this fact to any tolling argument, however, and in any event his argument on appeal relies on different facts: that Evans withheld his failure to execute the promissory note and that he asked Lucas to delay legal action.

No. 17-60081

district court are waived and will not be considered on appeal unless the party can demonstrate extraordinary circumstances." (quoting *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 697 (5th Cir. 2015)).

The parties agree that Mississippi law controls. According to the Mississippi Supreme Court,

> where a debt is payable in installments the general rule is that the statute of limitations begins to run as to each installment from the time when it falls due; and the creditor can recover only those installments falling due within the statutory period before the beginning of the action. The bar of the statute applies to installments which were due and unpaid for more than the statutory period.

*Freeman v. Truitt*, 119 So. 2d 765, 771 (Miss. 1960); *see also Kersey v. Fernald*, 911 So. 2d 994, 996–97 (Miss. Ct. App. 2005). The statute of limitations for breach of contract actions in Mississippi is three years. *See* Miss. Code § 15-1-49; *Wallace v. Greenville Pub. Sch. Dist.*, 142 So. 3d 1104, 1106 (Miss. Ct. App. 2014) ("Causes of action for breach of contract are subject to the three-year statute of limitations set forth in Mississippi Code [§] 15-1-49 . . . ."); *see also First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce*, 220 F.3d 331, 334 (5th Cir. 2000) (applying three-year statute of limitations to Mississippi breach of contract claim). Lucas brought suit in January 2016; thus, for this action not to be time-barred, the statute of limitations must have accrued no later than January 2013.

It is undisputed that if Evans had timely paid all monthly installments, his last installment would have come due in November 2012. It is also undisputed that Lucas was aware of Evans's failure to make monthly installments as they came due. To escape these facts, Lucas argues that Evans has continued to breach the settlement agreement by not making monthly payments. *See Merchs. & Marine Bank v. Douglas-Guardian Warehouse Corp.*, 801 F.2d 842, 745 (5th Cir. 1986) (applying continuing breach doctrine). He

points to a section of the settlement agreement that obligates Evans to make payments "until the unpaid principal, interest, and all loan charges have been paid in full." As the district court held, applying the continuing breach doctrine based on this section of the settlement agreement would effectively waive the statute of limitations, which Mississippi law expressly prohibits. Miss. Code § 15-1-5. Moreover, Lucas's continuing breach argument contradicts the Mississippi Supreme Court's holding in *Freeman* which defined the accrual date for unpaid installments as the date "when [each installment] falls due." 119 So. 2d at 771. Accordingly, the district court did not err in holding that Lucas's breach of contract claim is time-barred.

## III. CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment against Lucas is AFFIRMED.

5