# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50414
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2017

Lyle W. Cayce
Clerk

PAUL E. COPELAND, JR.,

       Plaintiff - Appellant

v.

WELLS FARGO BANK, N.A.; FEDERAL NATIONAL MORTGAGE
ASSOCIATION, also known as Fannie Mae,

       Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-943

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Paul E. Copeland, Jr. ("Copeland") sued Wells Fargo Bank (Wells Fargo) and Federal National Mortgage Association alleging breach of contract and wrongful foreclosure relating to a property in Cedar Creek, Bastrop County, Texas (the "Property"), in state court. After removal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to federal court, the district court granted summary judgment in favor of both defendants, and Copeland timely appealed.  We AFFIRM.

Copeland executed a promissory note payable to Wells Fargo's predecessor in 2002 that was secured by a deed of trust on the Property.  He also executed an escrow waiver agreement under which he was responsible for paying the property taxes on the Property directly rather than via escrow at the bank.  Under the agreement, if Copeland failed to pay the taxes when due, Wells Fargo had the right to notify him of same and, ultimately, to pay the taxes itself and impose an escrow process.

Wells Fargo provided uncontroverted evidence that Copeland failed to pay his annual property taxes by the due date of February 1, 2012, that Wells Fargo gave him notice of same in April and stated that he should take action by May 15, that Copeland failed to take any action by that date, and that Wells Fargo then paid the taxes and set up an escrow.  In turn, Copeland refused to pay the escrow amounts and, ultimately, Wells Fargo foreclosed on the Property a year before Copeland filed this suit.

In order to prove a breach of contract, there must be a violation of the contract causing damages.  *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003).  Copeland focuses on the question of whether his taxes were in "default" or merely "delinquent."  As the district court carefully explained, Copeland's failure to timely pay his taxes was a default under the note and deed of trust, regardless of how Bastrop County characterized it, thus authorizing Wells Fargo's actions.  Copeland failed to raise a material issue of fact negating Wells Fargo's evidence, and his arguments are legally irrelevant. *See Diaz v. Kaplan Higher Educ., L.L.C.*, 820 F.3d 172, 176 (5th Cir. 2016) (explaining that the party opposing summary judgment must point to specific evidence that supports the claim and refutes the movant's evidence).  Since his

No. 17-50414

wrongful foreclosure claim is based upon the same arguments, that claim fails as well.

Therefore, for substantially the same reasons set forth in the thorough district court opinion, we AFFIRM.